UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

————

No. 6:25-cv-00396

————

**Quinton Cox,**
*Plaintiff,*

v.

**Director, TDCJ Bobby Lumpkin, et al.,**
*Defendants.*

————

**O R D E R**

Plaintiff, an inmate proceeding pro se and in forma pauperis, filed this civil-rights lawsuit under 42 U.S.C. § 1983. Doc. 1. The case was referred to a magistrate judge, who issued a report recommending that the court dismiss plaintiff's Fourteenth Amendment deprivation-of-property claim for failure to state a claim upon which relief can be granted under 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Doc. 12 at 4. Plaintiff filed written objections.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Furthermore, a party's entitlement to de novo review does not entitle it to raise arguments that were not presented to the magistrate judge without a compelling reason. *See Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994).

Plaintiff first objects that his Fourteenth Amendment claim should not be dismissed because it "is not wholly based" on the property deprived but rather "on the content[s] specifically deprived [e.g.,] stated religious items; stated vital life necessit[ies;] stated legal material." Doc. 15 at 1. However, plaintiff's First

- 1 -

Amendment claim regarding the alleged violation of his religious liberties is proceeding under a separate order. *See* Doc. 13 at 1. Further, as noted in the report, "property restriction . . . is not sufficient to trigger a liberty interest protected by due process." *Williams v. Bush*, 95 F.3d 44, 1996 WL 405407, at *1 (5th Cir. 1996) (per curiam) (unpublished table decision) (citing *Luken v. Scott*, 71 F.3d 192, 192–93 (5th Cir.1995) (per curiam)). Plaintiff's first objection is overruled.

Plaintiff also objects that a hearing is required before any of his personal property may be taken. Doc. 15 at 2. That misstates the law and is overruled. *See Sanchez v. Allen*, 611 F. App'x 792, 794 (5th Cir. 2015) (per curiam) (unpublished) ("This claim of 'punishment' without notice and a hearing fails . . . . [Plaintiff's] claim that certain . . . property was taken from him does not state a claim under § 1983.").

Having reviewed the magistrate judge's report de novo and being satisfied that it contains no error, the court overrules the plaintiff's objections and accepts the report's findings and recommendations. Plaintiff's Fourteenth Amendment deprivation-of-property claim is dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for failure to state a claim for which relief can be granted. Plaintiff's remaining claims shall proceed consistent with the magistrate judge's recommendations and subsequent orders. *See* Docs. 12, 13.

*So ordered by the court on March 3, 2026.*

J. CAMPBELL BARKER
United States District Judge